ALBERT BAKER *vs.* BETSEY KIMBALL & another.

Berkshire.   Sept. 8. — 21, 1885.   FIELD, C. ALLEN, & COLBURN, JJ., absent.

An action of tort in the nature of trespass for mesne profits cannot be maintained by a lessor against a mortgagee, who makes a formal entry upon the premises, in the possession of a tenant, to foreclose his mortgage, in the absence of evidence showing any actual possession, or any reception of the rents and profits, or any ouster of the plaintiff by the defendant, even if the mortgage is invalid.

TORT against Betsey Kimball and John A. Bond. Writ dated November 23, 1880. The declaration alleged that, on August 15, 1878, the defendants forcibly broke and entered the plaintiff's close at North Adams, and expelled and removed the plaintiff from his possession and occupation thereof, and kept him so expelled and removed until March 15, 1880; and that the defendants, during that time, took and received to their own use the issues and profits thereof, &c. Answer, a general denial.

At the trial in the Superior Court, before *Rockwell*, J., without a jury, the record in the case of Albert Baker against Milton Gavitt was put in evidence. This was an action by the plaintiff in the present action, on the Gen. Sts. c. 137, § 5, to recover possession of the parcel of land in North Adams which is the locus described in the present action. The answer averred that the defendant was in possession as a tenant of Betsey Kimball, who was a mortgagee of the premises and lawfully in possession thereof, for condition broken, at the time of a lease of the same by her to the defendant. The record further showed

that the jury returned a verdict for the plaintiff, and that the defendant alleged exceptions, which were overruled by this court. See *Baker* v. *Gavitt*, 128 Mass. 93. It appeared by these exceptions that Baker leased the premises to Gavitt; that they were then subject to a mortgage to Betsey Kimball, which Baker, when he became the owner of the equity of redemption, assumed and agreed to pay; that Mrs. Kimball, through her duly authorized agent and attorney, made peaceable entry under the statute, to foreclose this mortgage; and that Gavitt, after the entry, agreed to pay rent to her, and refused to pay it to Baker.

The plaintiff called the defendant Bond, who testified as follows: " We took possession when Gavitt was in possession. Gavitt agreed to pay us rent, but did not. We told him he must. I tried to see to the rent, but did not get any. Mrs. Kimball did nothing; I did all the business for myself and Mrs. Kimball. After we took possession one Cutler occupied. I do not know that he paid rent to me. I will not swear he did not. I have no recollection that he did. I do not know when I gave up possession finally to Baker's agent. In the Baker suit we defended for Gavitt." On cross-examination, the witness testified: " I went to take possession with Mr. Preston. All that was done was to enter to foreclose on Mrs. Kimball's mortgage. I told Gavitt he must pay to Mrs. Kimball or go out. He said he would pay to her. I made known to Gavitt that I was agent of Mrs. Kimball, and had a power of attorney from her to take possession under her mortgage. I never received rent from Gavitt. Cutler, I guess, got the key from Gavitt. I do not think I ever had the key. I think I did not rent to Cutler. I have no recollection of ever renting to Cutler. I did not authorize Gavitt to rent to Cutler. Cutler was in there, and then came to me and wanted to stay. He did stay. I never had any possession except by the peaceable entry for foreclosure of Mrs. Kimball's mortgage. Gavitt and Cutler told me that Baker's counsel had been to them and forbade them to pay rent to me. I do not know as I ever was in the house after I went in to take peaceable possession."

The plaintiff also called as a witness Mrs. Gavitt, wife of the lessee, who testified as follows: " We had been in the house from two to three months. The rent was payable the first of

each month for the preceding month, at nine dollars a month. We remained in, after entry, a year. Bond told me to leave the key with Pike, who lived across the way. Bond asked me to pay rent to him, and said he would deposit it in the savings bank in his name, for he wanted to show in the suit that I had paid rent to him. We had nothing to do with renting to Cutler." On cross-examination, she testified, "We paid no rent."

The plaintiff also called Ammon F. Davenport as a witness, who testified as follows: "In 1878, and before, I was Baker's agent, and I rented the place to Gavitt. He had been in three months when the entry of the defendants was made. He had paid rent to me, nine dollars a month, the rent of each month being paid at the beginning of the next." On cross-examination, he testified as follows: "I went to see Gavitt after the entry of defendants, and told him to pay to us. He did not pay to us." On re-direct examination, the witness said, "Gavitt said he did not know who to pay to."

The plaintiff also called A. G. Potter, Esq., as a witness, who testified as follows: "The property was surrendered in 1880. I had talk with Bond when I found Gavitt was moving out, and I asked Bond if he was going to give up possession, and he said, No. Bond did surrender to me on February 1, 1880. He said Cutler was in then. He said he had paid the rent in advance." Bond, being afterward called, said he did not recollect this talk. This was all the testimony in the case.

The defendants put in the power of attorney from Mrs. Kimball to Bond, dated July 19, 1878, acknowledged on the same day, and recorded on July 20, 1878, authorizing him "to foreclose any mortgage I have, by peaceable entry or otherwise."

The judge ruled that nothing more was proved than an open and peaceable entry for possession by the mortgagee without opposition; and that the action could not be maintained; and found for the defendant. At the plaintiff's request, the case was reported for the consideration of this court.

A. Potter, for the plaintiff.

M. E. Couch, for the defendants.

BY THE COURT. We are at a loss to see what question of law is presented by this report. The action is tort in the nature of trespass for mesne profits, and was tried before the judge without

a jury. Upon the meagre evidence presented by the plaintiff, the presiding justice found that "nothing more was proved than an open and peaceable entry for possession by the mortgagee without opposition." This was justified by the evidence, and is a finding of fact which we cannot revise. There was no evidence to show any actual possession, or any reception of the rents and profits, or any ouster of the plaintiff by the defendants, or either of them. Even if the mortgage under which the defendants claimed was invalid, their formal entry was at most a violation of the rights of the tenant; and the plaintiff, who was lessor, was not injured in his reversionary rights, and cannot maintain trespass.                *Judgment for the defendants.*